Compiler/law library

FILED
SUPERIOR COURT
OF GUAM

2009 AUG 12 PM 3: 59

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) |
| | ) **CRIMINAL CASE NO. CF0375-09** |
| vs. | ) |
| | ) **DECISION AND ORDER** |
| MICHAEL NOTA aka John Doe, and | ) |
| | ) |
| MONTEN PETER aka John Doe | ) |
| aka Monoale Peter aka Mondale Peter | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco for Preliminary Examination on August 3, 5 and 7, 2009. Assistant Attorney Generals William Pole, Clyde Lemons, Jr., Stephen Leon Guerrero, and Suzanne Horrigan represented the Government, Assistant Public Defender Rebecca Warfield represented Defendant Michael Nota and Alternate Public Defender John Morrison represented Defendant Monten Peter. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

The Government seeks to charge both Defendants with Aggravated Assault with a Deadly Weapon in violation of 9 GCA §§ 19.20(a)(3), 19.20(b) and 80.37 and Conspiracy to Commit Aggravated Assault with a Deadly Weapon in violation of 9 GCA §§ 13.30, 19.20(a)(3), 19.20(b) and 80.37. The Magistrate's Complaint alleges that on May 15, 2009, the Defendant Monten Peter ("Peter") held the victim while Defendant Michael Nota ("Nota") beat him with a bat.

At the Preliminary Examination on August 3, 5 and 7, 2009, the Court heard testimony from Police Officer Raymond Aguon Charfauros, who responded to the scene, and Julio Rokop, the victim. According to their testimony, the following events took place on May 15, 2009.

Earlier in the day, Julio Rokop ("Rokop") witnessed Nota place a foot-long piece of metal rebar in his backpack. Later that night, Rokop was sleeping outside his home. He awoke

when Peter and Nota began bothering him. Peter held Rokop while Nota hit him with the backpack, which Rokop believed to contain metal rebar. Officer Charfauros responded to the scene at about 1:30 a.m. and immediately noticed blood dripping down Rokop's back. Rokop appeared confused and distraught, explaining that he did nothing wrong and did not understand why Peter and Nota hurt him. Rokop suffered an abrasion to his arm and a cut to the back of his neck.

## DISCUSSION

There is a conflict in Guam Law as to how the rules of evidence apply to preliminary examinations. The Code of Criminal Procedure states that, "the court shall take evidence [in preliminary hearings] in the same manner as trial," and that, "objections to the admissibility of evidence may be taken on any grounds that would be available at trial." *See* 8 GCA § 45.60(a). However, the Rules of Evidence state that evidentiary rules do not apply to, "preliminary examinations in criminal cases." *See* Guam R. Evid. Rule 1101(c)(3). The full nature of this conflict is addressed in People of Territory of Guam v. Salas, Crim. No. 82-0061A; 1983 WL 29951 (D. Guam App. Div. 1983).

On July 11, 2006, the Guam Rules of Evidence were repealed and reenacted by Guam Pub. L. No. 28-138. The Rules of Evidence were reenacted based upon Promulgation Order No. 06-001 of the Supreme Court of Guam. Pursuant to 6 GCA § 103, the Supreme Court's rules of evidence, "shall control regarding any conflict with other law and such other law shall therefore be of *no* further force or effect."

In this case, the Preliminary Examination began with a discussion on whether the Rules of Evidence apply to preliminary examinations. The Defendants may be correct that where Guam law is in conflict, the specific rules of preliminary examinations should control the general rules of evidence. However, the Court cannot ignore the plain and clear language of 6 GCA § 103, and that where there is a conflict with the Rules of Evidence, any other law shall be of "*no* further force or effect." For this reason, Guam R. Evid. Rule 1101(c)(3) controls and the rules of evidence do not apply to preliminary examinations.

Under Guam law, a preliminary examination is held, "to determine whether there is probable cause to believe that an offense has been committed and that the defendant has committed it." *See* 8 GCA § 45.50(a). Probable cause must be based upon reasonably trustworthy information. *See* People of Guam v. Cundiff, 2006 Guam 12 ¶ 27; 2006 WL 2789134 (Sup. Ct. Guam 2006) *citing* Beck v. Ohio, 379 U.S. 89, 91 (1964). The court shall dismiss the complaint and discharge the defendant where the evidence does not support a finding of probable cause. *See* 8 GCA § 45.80(b).

In this case, Officer Charfauros and Julio Rokop testified to the following facts under examination: 1) Defendant Peter held Rokop while Defendant Nota beat Rokop with a backpack; 2) Rokop believed that the backpack contained metal rebar; and 3) Rokop suffered injury to his arm and the back of his neck. This eyewitness information is reasonably trustworthy, and it gives the Court probable cause to believe that the Defendants may have recklessly caused or attempted to cause bodily injury to Rokop with a material that, in the manner used, is known to the Defendants to be capable of producing death or serious bodily injury, in violation of 9 GCA §§ 16.10(d), 19.20(a)(3), 19.20(b) and 80.37. However, there is no probable cause to charge the Defendants with the use of a bat and the Complaint is flawed in this respect. Therefore, the first and third charges of the Complaint are hereby dismissed with leave to amend by information within fifteen (15) days of this opinion.

Furthermore, there is no probable cause from the evidence to believe that Peter and Nota agreed to engage in aggravated assault before Nota hit Rokop with the backpack. For this reason, there is no probable cause to believe that the Defendants committed conspiracy in violation of 9 GCA § 13.30 and the second and fourth conspiracy charges of the Complaint are hereby dismissed.

///

///

///

///

///

## CONCLUSION

Based upon the foregoing, the Court finds probable cause to hold the Defendants to answer the charges of aggravated assault with a deadly weapon. Pursuant to 8 GCA § 45.80(b), the charges of conspiracy are hereby DISMISSED. Pursuant to 8 GCA § 45.80(a), the Government is hereby ORDERED to file an information within fifteen (15) days charging the Defendants with the offense of Aggravated Assault as a Third Degree Felony together with the Special Allegation of Possession and Use of a Deadly Weapon.

**SO ORDERED this** 12 **day of August, 2009.**

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

AUG 1 2 2009

Peter C. Miyasaki
Deputy Clerk, Superior Court of Guam